UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:15CR00404 HEA |
| ADRIAN LEMONS, | ) ) ) |
| Defendant. | ) ) |

**MOTION OF THE UNITED STATES**
**FOR PRELIMINARY ORDER OF FORFEITURE**

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said District, and moves this Court to issue a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

1.  On May 3, 2019, Defendant Adrian Lemons pled guilty to Count 19 of the Fifth Superseding Indictment charging the offense of Conspiracy to Commit Drug Trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2.  The Indictment also alleged forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of Title 21, United States Code, Sections 841(a)(1) and 846, and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853(a). The Indictment further alleged forfeiture of a sum of

money equal to the total value of any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of such offense (the "Forfeiture Money Judgment").

3.  Based upon the allegation set forth in the Fifth Superseding Indictment and the evidence set forth in Defendant's Guilty Plea Agreement, the specific property subject to forfeiture includes, but is not limited to, the following (hereafter, the "Subject Property"):

   a. Approximately $245,492.53 U.S. Currency seized on or about January 13, 2016;

   b. Approximately $4,000.00 U.S. Currency seized on or about January 13, 2016;

   c. One 2005 BMW Coupe 645Ci, VIN: WBAEH73445B192800 seized on or about January 13, 2016;

   d. Real Property located at 11553 Poggemoeller Ave., together with all appurtenances, improvements, and attachments thereon:

   e. Miscellaneous Jewelry seized on or about January 13, 2016, more particularly described as follows:

   i. One 10KT white gold diamond bracelet,
   ii. U.S. Polo Assn. wrist watch;
   iii. One pair 14KT white gold earstuds;
   iv. One stainless steel Movado watch, Model 0606800 with miscellaneous watch links and pins, Serial No: 13506901;
   v. One brass & white gold moth jewlery "grillz;"
   vi. One Johnny's brand wristwatch;
   vii. One square link chain and diamond cross pendant;
   viii. One 10KT white gold mouth jewelry "grillz;"
   ix. One Rolex Oyster Perpetual watch with approximate diamond weight 27.85ct on band, Ser No: 6510592;
   x. One 14KT yellow gold diamond cluster ring;
   xi. One pair of earrings, silver in color with clear stones with missing backs;
   xii. One silver bowtie ring, silver in color with clear stones-missing a stone;
   xiii. One bowtie earring (not a pair), silver in color with clear stones- missing a middle stone;
   xiv. Two fashion rings, one silver in color, one gold in color; and
   xv. One Kenneth Cole Quartz wristwatch.

4. In addition, the United States provided notice in the Fifth Superseding Indictment that it would seek the forfeiture of a sum of money equal to the total value of any proceeds traceable to the offenses to which Defendant was found guilty. To the extent that such proceeds have been dissipated or are out of reach of the government, the United States is entitled to the forfeiture of a sum of money from Defendant for proceeds of the offenses that the United States has been unable to locate or identify.

5. Pursuant to Defendant's guilty plea to the Fifth Superseding Indictment, the United States now seeks a forfeiture money judgment for the total value of any property, real or personal, constituting or derived from any proceeds Defendant obtained from the count of conviction.

6. In *Honeycutt v. United States,* 137 S. Ct. 1626 (2017), the Supreme Court held that a defendant is required to forfeit only those assets that he personally obtained in the course of his offense and may not be held jointly or severally liable to forfeit proceeds obtained only by his conspirators. Yet *Honeycutt* specifically recognized that a main organizer or leader – to which Defendant acknowledges he is in the Guilty Plea Agreement - may be deemed to "obtain" the full amount of the proceeds. *See Honeycutt*, 137 S. Ct. at 1633 ("For instance, the marijuana mastermind might receive payments directly from drug purchasers, or he might arrange to have drug purchasers pay an intermediary such as the college student. In all instances, he ultimately 'obtains' the property – whether 'directly or indirectly.'"); *see also*, *United States v. Anderson*, Case No. 4:14 CR 00246 AGF, Doc. # 1096 (January 9, 2018).

7. The amount subject to forfeiture is measured by the gross amount of the drug proceeds. *United States v. Simmons*, 154 F.3d 765, 770-71 (8th Cir. 1998). The Court, in turn, may make a reasonable estimate of the amount given the available information. *United States v.*

*Treacy*, 639 F.3d 32, 48 (2d Cir. 2011). The estimate of gross receipts may be reached by multiplying the approximate quantity of marijuana sold by the approximate sale price. *See United States v. Roberts*, 660 F.3d 149, 165-66 (2d Cir. 2011) (calculating money judgment by multiplying approximate amount of drugs sold by approximate price); *United States v. Pierre*, 484 F.3d 75, 86 (1st Cir. 2007) (same).

   8. Based on the Defendant's Guilty Plea Agreement, the amount of cocaine attributable to Defendant is between 150 and 450 kilograms. Accordingly, multiplying 150 kilograms (the lowest possible quantity of cocaine attributable to Defendant) by $30,000 per kilogram (the bottom of the range of prices for which the organization sold the cocaine) equals total gross proceeds "obtained" by the Defendant to be approximately $4,500,000. According to the Guilty Plea Agreement, the parties stipulated that investigators seized approximately $1,389,325 during the course of the investigation. The jewelry, BMW coupe, and real property located at 11553 Poggemoeller Ave are collectively valued at approximately $96,479. Thus, the United States is entitled to forfeit from the Defendant a sum of money representing the value of the gross proceeds obtained that are no longer available for forfeiture, or gross proceeds (approximately $4,500,000) less the previously seized currency and the forfeitable assets (approximately $1,485,804). The United States defers to the Court to determine the exact total sum Defendant should be required to pay in the form of a forfeiture money judgment.

   9. Accordingly, the United States now moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for the entry of a Preliminary Order of Forfeiture, forfeiting the Subject Property to the United States pursuant to the notice provided in the Indictment, and entering an order of forfeiture for a sum of money equal to the gross proceeds obtained by the

4

Defendant but are not available for forfeiture.

10. Based upon the evidence set forth in the Guilty Plea Agreement and that was presented at the Defendant's plea hearing, the United States has established the required nexus between the Subject Property and the offenses to which Defendant has pled guilty. Accordingly, the Subject Property is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853.

11. Pursuant to Rule 32.2(b)(6) and Title 21, United States Code, Section 853(n), upon the issuance of a Preliminary Order of Forfeiture, the United States shall publish notice of the Order and send direct notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853(n), in which the Subject Property will be ordered forfeited to the United States to be disposed of according to law.

13. Pursuant to Rule 32.2(b)(4)(A), the Preliminary Order of Forfeiture becomes final as to Defendant upon sentencing. The Order remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

14. Pursuant to Rule 32.2(b)(4)(B), the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure Defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment, but the Court's failure to do so may be corrected at any time under Rule 36.

WHEREFORE, the United States respectfully requests that this Court determine that Subject Property as set forth in paragraph 3 above is subject to forfeiture and enter a Preliminary

Order of Forfeiture that also includes a forfeiture money judgment for gross proceeds Defendant obtained that are no longer available for forfeiture. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States also requests authority to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production. The United States submits herewith its proposed Preliminary Order of Forfeiture.

Dated: _____ __, 2019                               Respectfully submitted,

                                                        JEFFREY B. JENSEN
                                                        United States Attorney

                                                        _/s/_____
                                                        STEPHEN CASEY, #58879MO
                                                        Assistant United States Attorney
                                                        111 South 10th Street, Suite 20.333
                                                        Saint Louis, Missouri 63102
                                                        Telephone:    (314) 539-2200
                                                        Facsimile:    (314) 539-2312

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:15CR00404 HEA |
| ADRIAN LEMONS, | ) ) ) |
| Defendant. | ) |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, Defendant Adrian Lemons has pled guilty to Count 19 of the Fifth Superseding Indictment charging the offense of Conspiracy to Commit Drug Trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846;

WHEREAS, the Fifth Superseding Indictment also alleged the forfeiture of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense alleged in Count 19, and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offense;

WHEREAS, the United States is entitled to a forfeiture money judgment based on the total value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, to the commission of Defendant's offense, as determined by the Court;

WHEREAS, by virtue of said Guilty Plea Agreement and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information

7

before it, including Defendant's Guilty Plea Agreement, that the below described property is subject to forfeiture, and that the United States has established the requisite nexus between the Subject Property and Defendant's offense, and Defendant is subject to a forfeiture money judgment in the amount of $XXXXXXX;

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That the following property is hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853: any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense of Conspiracy to Commit Drug Trafficking, and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offense.

2. That the following Subject Property is declared forfeited:

   a. Approximately $245,492.53 U.S. Currency seized on or about January 13, 2016;

   b. Approximately $4,000.00 U.S. Currency seized on or about January 13, 2016;

   c. One 2005 BMW Coupe 645Ci, VIN: WBAEH73445B192800 seized on or about January 13, 2016;

   d. Real Property located at 11553 Poggemoeller Ave., together with all appurtenances, improvements, and attachments thereon:

   e. Miscellaneous Jewelry seized on or about January 13, 2016, more particularly described as follows:

      i. One 10KT white gold diamond bracelet,
      ii. U.S. Polo Assn. wrist watch;
      iii. One pair 14KT white gold earstuds;
      iv. One stainless steel gent's Movado watch, Model 0606800 with misc watch links and pins, Ser No: 13506901;
      v. One brass & white gold moth jewlery "grillz;"
      vi. One gent's Johnny's brand wristwatch;
      vii. One square link chain and diamond cross pendant;

      viii.    One 10KT white gold mouth jewelry "grillz;"
        ix.    One gent's Rolex Oyster Perpetual watch with approximate diamond weight 27.85ct on band, Ser No: 6510592;
         x.    One 14KT yellow gold man's diamond cluster ring;
        xi.    One pair of earrings, silver in color with clear stones with missing backs;
      xii.    One silver bowtie ring, silver in color with clear stones-missing a stone;
     xiii.    One bowtie earring (not a pair), silver in color with clear stones- missing a middle stone;
     xiv.    Two fashion rings, one silver in color, one gold in color; and
      xv.    One gent's Kenneth Cole Quartz wristwatch.

3.     A forfeiture money judgment in the amount of $xxxxxxx is entered against the Defendant, and the Defendant is ordered to pay that amount.

4.     That the aforementioned forfeited property is to be held by the United States, as indicated, in its secure custody and control.

5.     That pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to conduct any discovery permitted by the Federal Rules of Civil Procedure in order to identify, locate, or dispose of any property subject to forfeiture under this order, including depositions, interrogatories, subpoenas, and requests for production.

6.     That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to Defendant at the time of sentencing, and shall be made part of the sentence and included in the judgment.

7.     That the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture as set forth in Federal Rule of Criminal Procedure 32.2(b)(6) and Title 21, United States Code, Section 853(n).

8. That upon adjudication of all third-party interests, this Court shall enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n), in which all of the property to which the United States is entitled will be ordered forfeited, to be disposed of according to law.

The Clerk is hereby directed to send copies of this order to all counsel of record and the United States Marshal.

So ordered this _____ day of _____ , 2019.


_____
HONORABLE HENRY E. AUTREY
UNITED STATES DISTRICT JUDGE